IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:20-07 |
| | ) |
| JOHN CHRISTOPHER BISBEE, et al | ) |

**PROTECTIVE ORDER**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality and sensitivity, adequately protect individually identifiable person identity information entitled to be kept confidential, and to adequately protect the individuals' privacy interests in sensitive materials, pursuant to the Court's authority under Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. <u>Limited Use of Discovery Pertaining to Defendants Release on Bond</u>: The defendant, including defendant's counsel and their personnel, may use these documents only for the limited purposes of the criminal case and may not be used for any other purpose. Materials shall be retained by counsel and no copies may be left with the defendant. The materials shall not be disseminated and/or provided, whether in original or duplicate form, without further order of this court. No person shall disclose the substance of these materials to anyone without the express permission of the Court or as provided herein. Other than the defendant and his counsel, the materials may be shown to and discussed only with the persons described as follows: a) independent experts retained by the defendant in connection with the Criminal Case; and, b) potential witnesses in the Criminal Case. Under no circumstances shall the discovery be used for any purpose other than in the Criminal Case absent an order from this Court.

2.      <u>Limited Use of Discovery Pertaining to Incarcerated Defendants</u>:  The United States is authorized to provide the Rule 16 materials to the computer service personnel at the relevant institutions and/or the Computer Systems Administrator at the Federal Public Defender's Office to facilitate the secure access to these sensitive materials by the incarcerated defendants. Incarcerated defendants are only permitted access to the Rule 16 materials in accordance with the internal security policies regarding use of computers and electronic evidence at the institution where they are being housed.  Incarcerated defendants are not permitted to maintain the Rule 16 materials in this case in their living quarters at the institution where they are being housed.  This Order is intended to apply to all prisons/jails/correctional institutions where any of the incarcerated defendants may be housed while in United States Marshals Service Custody in pre-trial detention.

3.      <u>Discovery Materials in Open Court</u>:  No party shall file discovery materials with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal.  The procedures for use of discovery during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  The parties shall consider measures such as redacting confidential documents to remove individual identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the person's name or other identifying information, and/or request that any exhibit be placed under seal.  No party shall disclose discovery materials in open court without prior consideration by the Court.

4.      <u>Filing of documents:</u>  The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

5.      <u>Post-Case Disposition</u>:  Within 90 days of the final conclusion of this litigation, the defendant shall return the discovery to counsel for the United States, or shall destroy them and

certify in writing to counsel for the United States that the documents have been destroyed. If any discovery materials were used as defense exhibits, defense counsel shall identify these documents, which shall be maintained with government exhibits so long as those are required to be maintained.

      6.      <u>Modification Permitted</u>. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

      7.      <u>No Ruling on Discoverability or Admissibility</u>. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED.

_____
HONORABLE KIM R. GIBSON
United States District Judge

_____
Date